Gennaro GERITANO, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 04–1285.

United States Court of Appeals, Second Circuit.

Feb. 9, 2005.

Gennaro Geritano, Bradford, PA, for Appellant, pro se.

Peter A. Norling, Assistant United States Attorney (David C. James, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee, of counsel.

PRESENT: NEWMAN, KEARSE and CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Gennaro Geritano appeals from the January 30, 2004, judgment of the District Court denying his post-judgment motion to modify his sentence, which was imposed on September 14, 1998. Specifically, petitioner contends that the District Court miscalculated his sentence by "double counting" his use of a firearm and that an amendment to Section 2K2.4 of the U.S. Sentencing Guidelines ("U.S.S.G."), arguably applicable to petitioner under 18 U.S.C. § 3582(c)(2), clarifies that such double counting is improper. *See* U.S.S.G. § 2K2.4, cmt., n. 2, amend. 599 (2000).

Contrary to petitioner's assertion, however, his use of a firearm was not double counted in the computation of his sentence. Petitioner pleaded guilty to four counts of extortion under 18 U.S.C. § 1951 and one count of carrying or using a firearm in connection with a crime of violence under 18 U.S.C. § 924(c). The four extortion counts, two of which were subject to sentencing enhancements due to petitioner's use of a firearm in connection with those offenses, resulted in a sentence of 70 months' imprisonment. The firearm count under § 924(c) resulted in a consecutive sentence of 60 months' imprisonment, but it related to a fifth extortion attempt not charged in the superseding information. Consequently, petitioner's use of a firearm was not double counted, and the amendment he relies upon affords him "no relief, for none of the punishments imposed [in connection with the four extortion counts] ... was enhanced on account of his use or possession of a firearm" during his fifth extortion attempt. *United States v. Campbell*, 300 F.3d 202, 216 (2d Cir.2002); *see also* U.S.S.G. § 2K2.4, cmt., n. 2 (2000) ("[I]f a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction."). *Cf. United States v. Pringle*, 350 F.3d 1172, 1179 (11th Cir.2003) (recognizing that the amended Sentencing Guidelines did not bar a firearms enhancement to the defendant's sentence where the other counts for which the defendant was convicted did not "form the basis of [the defendant's] § 924(c) conviction").

\* \* \*

We have considered all of defendant's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.