[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 1, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13571
Non-Argument Calendar

_____

D. C. Docket No. 92-00377-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL MCCRARY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 1, 2006)

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

On September 29, 2005, this Court denied Darryl McCrary's motion for

leave to proceed on appeal in forma pauperis because his appeal was frivolous.

After his mother paid the filing fees, McCrary is now proceeding with that frivolous appeal. He contends that the district court erred in denying his motion to correct his 228-month sentence, brought pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendments 9 and 599 to the United States Sentencing Guidelines.

We review a district court's decision not to resentence a defendant under § 3582(c)(2) for abuse of discretion. United States v. Vautier, 144 F.3d 756, 759 n.3 (11th Cir. 1998). Pursuant to § 3582(c)(2), a district court may reduce the prison term of a defendant who is sentenced within a guideline range that has subsequently been lowered through a retroactive amendment to the guidelines "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see United States v. Pringle, 350 F.3d 1172, 1176 (11th Cir. 2003). U.S.S.G. § 1B1.10(c) lists all of the retroactive amendments.

Amendment 9 has been in effect since June 15, 1988. U.S.S.G. App. C, Amend. 9 (2004). It was in effect in 1992 when McCrary committed his crimes and in 1995 when the district court sentenced him. Because McCrary could not have been sentenced within a guideline range that was subsequently lowered through the adoption of Amendment 9, he is not entitled to § 3582(c)(2) relief on

2

this basis. Thus, the district court did not abuse its discretion in denying McCrary's motion to correct his sentence based upon Amendment 9.

Amendment 599 became effective on November 1, 2000, and thus was not in effect when McCrary committed his crimes and was sentenced. U.S.S.G. App. C, Amend. 599. The amendment is listed in § 1B1.10(c) as having retroactive application. U.S.S.G. § 1B1.10(c). Amendment 599 expanded the commentary in U.S.S.G. § 2K2.4 to clarify under what circumstances a firearms enhancement may be imposed when a defendant has been convicted of a firearms offense under 18 U.S.C. § 924(c). U.S.S.G., App. C, Amend. 599, Reason for Amendment. The amendment states that:

> [N]o guideline weapon enhancement should be applied when determining the sentence for the crime of violence or drug trafficking offense underlying the 18 U.S.C. § 924(c) conviction, nor for any conduct with respect to that offense for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Guideline weapon enhancements may be applied, however, when determining the sentence for counts of conviction outside the scope of relevant conduct for the underlying offense (e.g., a conviction for a second armed bank robbery for which no 18 U.S.C. § 924(c) conviction was obtained).

Id. This Court has stated that the purpose of the amendment was "to prevent 'double counting' for firearms use in any one criminal event." Pringle, 350 F.3d at 1180 (emphasis omitted). Because McCrary received weapons enhancements only in connection with the robberies for which he was not charged and convicted of

3

violating § 924, his guideline range would not be affected by the amendment. Accordingly, the district court did not abuse its discretion in denying McCrary's motion to correct his sentence based upon Amendment 599.

AFFIRMED.