[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 4, 2007
THOMAS K. KAHN
CLERK

No. 06-10529
Non-Argument Calendar

_____

D. C. Docket No. 91-00272-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO ANTONIO FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 4, 2007)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Marco Antonio Fernandez, a <u>pro se</u> federal prisoner, appeals the district

court's denial of his motion seeking modification of his sentence, pursuant to 18 U.S.C. § 3582(c)(2). In 1991, authorities arrested Fernandez after he had attempted to participate in a drug "rip off" of 50 kilograms of cocaine. Authorities recovered several firearms on his person and from a rental vehicle, which was going to be used for the cocaine "rip off." Fernandez was charged with possession of a firearm by a convicted felon, pursuant to 18 U.S.C. §§ 922 and 924(e). He pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The base offense level used to calculate his sentence for his § 922(g) conviction was determined by his attempt to "rip off" 50 kilograms of cocaine and then was enhanced by two levels on the ground that Fernandez possessed several dangerous firearms during the commission of the attempted offense. In October 2005, Fernandez filed the instant motion for modification of his sentence, pursuant to § 3582(c)(2), arguing, among other things, that Amendment 599 to the Sentencing Guidelines and the Supreme Court's holding in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), permitted a reduction of his sentence. The district court denied Fernandez's motion for modification, finding that: (1) Amendment 599 was inapplicable to his case because it applies only to convictions under 18 U.S.C. § 924(c), criminalizing the carrying of a firearm during and in relation to a drug offense, and not to

2

convictions under § 922(g); and (2) a <u>Booker</u> claim is not cognizable under § 3582(c)(2).

On appeal, Fernandez argues that the district court abused its discretion in determining that Amendment 599 does not apply to convictions under § 922(g)(1), as  the Sentencing Commission's intention that Amendment 599 also applies to § 922(g) convictions is evidenced by the Commission's use of a case involving a § 922(g) conviction, in the absence of a § 924(c) conviction, to illustrate the proper application of the amendment.  He argues that the Sentencing Commission's intent to prohibit double counting would be frustrated if a district court could calculate a defendant's base offense level using an offense not charged, and then enhance the sentence for possession of firearms in connection with that offense, all the while the defendant is actually being convicted of a firearm possession offense. Additionally, Fernandez argues that the district court erred because the Supreme Court's decision in <u>Booker</u> amounts to a "formal 'clarification'" of the guidelines, and thus, can be applied retroactively under § 3582(c)(3) to reduce his sentence.

We review a district court's decision of whether to reduce a sentence pursuant to § 3582(c)(2) for an abuse of discretion.  <u>United States v. Vautier</u>, 144 F.3d 756, 759 n. 3 (11th Cir. 1998).  According to § 3582(c)(2), a district court is permitted to modify a defendant's sentence if his sentencing range subsequently

3

has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). 18 U.S.C. § 3582(c)(2).

Amendment 599 amended the commentary to U.S.S.G. § 2K2.4, which provides the base offense level for individuals who have violated either 18 U.S.C. §§§ 844(h), 924(c), or 929(a). U.S.S.G. App. C, Amendment 599; see also U.S.S.G. § 2K2.4. Amendment 599 provides that, "[i]f a sentence under [§2K2.4] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristics for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. App. C., Amendment 599. The purpose of Amendment 599 was "to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses." Id.; see also United States v. Diaz, 248 F.3d 1065, 1106-07 (11th Cir. 2001) ("The first sentence of the new application note reinforces what courts have always known when a defendant is convicted of a § 924(c) violation and an underlying offense, the defendant's possession of a weapon cannot be used to enhance the level of the underlying offense"). It was intended to prevent double counting for firearm use in any one criminal event. United States v. Pringle, 350 F.3d 1172, 1180 (11th Cir.

4

2003).

Amendment 599 to the Sentencing Guidelines is inapplicable to Fernandez, because he did not violate 18 U.S.C. §§ 844(h), 924(c), or 929(a). Additionally, because the Supreme Court's holding in Booker, 543 U.S. 220, 125 S.Ct. 738, is not a guideline amendment made retroactively applicable, the district court did not abuse its discretion in denying Fernandez's motion to reduce his sentence. Accordingly, we affirm.

**AFFIRMED**.