[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15079
Non-Argument Calendar

_____

D. C. Docket No. 94-00079-CR-002-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICKI ANTONIO WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 5, 2009)

Before BLACK, CARNES and FAY, Circuit Judges.

PER CURIAM:

Micki Antonio Williams, proceeding *pro se*, appeals the sentence imposed by the district court following the grant of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). Williams' § 3582(c)(2) motion was based on Amendment 599 to the Sentencing Guidelines; Amendment 599 provided that, when a defendant is being sentenced for both a 18 U.S.C. § 924(c) violation of use and carrying a firearm and for the offense underlying the § 924(c) violation, the court is precluded from applying the weapons enhancement for the underlying offense. On appeal, Williams argues the district court erred in its application of § 3582(c)(2) when it refused to sentence him below the minimum of the amended guideline range. Williams asserts, despite the language of U.S.S.G. § 1B1.10, which constrains the court's authority to vary from the amended range, that section, like all of the guidelines, is merely advisory under *United States v. Booker*, 125 S. Ct. 738 (2005). Williams also argues the district court erred because it should have reduced his offense level of 43 to 24, not 39, because the total number of adjustments he received in the original guidelines calculations based on the firearms enhancement was 19.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). Similarly, we review the district court's interpretation of

Amendment 599 *de novo*. *United States v. Pringle*, 350 F.3d 1172, 1178-79 (11th Cir. 2003). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statements, found in § 1B1.10, state "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Williams' arguments are foreclosed by precedent. *See United States v. Melvin*, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (holding *Booker* does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), *petition for cert. filed*, (U.S. Feb. 10, 2009) (No. 08-8664). Moreover, the district court removed the weapons enhancement, as required by Amendment 599. Williams contention he should have received a 19-level reduction is without merit. Accordingly, we affirm.

**AFFIRMED.**

3