[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12854
Non-Argument Calendar

_____

D.C. Docket No. 9:17-cr-80112-KAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GIORGI ABRAKHAMIA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 6, 2019)

Before WILSON, EDMONDSON, and HULL, Circuit Judges.

PER CURIAM:

Giorgi Abrakhamia appeals his above-guidelines 78-month sentence for alien smuggling, arguing that he was not competent to proceed with his sentencing hearing and that the district court abused its discretion in imposing several sentence enhancements. First, the district court did not abuse its discretion in declining to continue sentencing or in declining to hold a hearing to evaluate Abrakhamia's competence: he had been evaluated by medical staff before sentencing, was found to have no disabilities or limitations, and told counsel that he could proceed with sentencing. For background, see *United States v. Perkins*, 787 F.3d 1329, 1339 (11th Cir. 2015); *United States v. Edouard*, 485 F.3d 1324, 1350 (11th Cir. 2007).

Second, the district court did not err in applying a sentencing enhancement for brandishing or otherwise using a dangerous weapon: that Abrakhamia's coconspirator would use any available weapon, including a knife, to maintain control of the boat after pushing its captain overboard was reasonably foreseeable. For background, see *United States v. Pringle*, 350 F.3d 1172, 1175-76 (11th Cir. 2003).

Third, the district court did not err in applying an enhancement for creating a substantial risk of death or serious bodily injury because the evidence showed that

2

Abrakhamia and his codefendant worked together to throw the captain overboard and take control of the boat.  *See* U.S.S.G. § 2L1.1, comment. (n.3).  In addition, this enhancement did not amount to double-counting because this conduct (throwing someone overboard and so on) was in addition to the conduct considered in the dangerous weapon enhancement, which involved stabbing the captain.

Fourth, the district court did not err in imposing an enhancement for inflicting a bodily injury:  that using or brandishing the knife would result in a stab wound was reasonably foreseeable.

Fifth, the district court did not err in imposing a special skill enhancement: Abrakhamia drove the boat away from the captain on the open ocean, and the boat was later found at a marina in Florida; seemingly a predetermined destination; driving a boat on the ocean from the Bahamas to Florida requires skills not possessed by the general public.  For background, see *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1219 (11th Cir. 2010); *United States v. Calderon*, 127 F.3d 1314, 1339 (11th Cir. 1997).

AFFIRMED.

3