[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-14956
Non-Argument Calendar
_____

D.C. Docket No. 6:01-cr-00118-ACC-GJK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT BROWN,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 2, 2020)

Before JORDAN, NEWSOM and MARCUS, Circuit Judges.

PER CURIAM:

Vincent Brown appeals the district court's order denying his motion for relief

pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194,

and the district court's denial of his motion for reconsideration.  Brown has filed a

motion for summary reversal, and the government has responded that it agrees that Brown's motion should be granted. After careful review, we grant Brown's motion.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] An appeal is frivolous if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quotations omitted).

We review for abuse of discretion a district court's ruling on an eligible movant's request for a reduced sentence under the First Step Act. United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). However, where the issue presented involves a legal question, like a question of statutory interpretation, our review is de novo. Id.; United States v. Pringle, 350 F.3d 1172, 1178-79 (11th Cir. 2003). While district courts lack the inherent authority to modify a term of imprisonment unless, for example, a statute expressly permits them to do so, 18 U.S.C. § 3582(c)(1)(B),

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

the First Step Act expressly allows them to reduce a previously imposed term of imprisonment in certain situations. Jones, 962 F.3d at 1297.

In 2010, before the First Step Act, Congress enacted the Fair Sentencing Act, which amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; see Dorsey v. United States, 567 U.S. 260, 268–69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences). Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)–(2); see also 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act. See First Step Act § 404. Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2

3

and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Id. § 404(a). The statute makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Id. § 404(c).

In Jones, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the district courts. 962 F.3d at 1293. We began by holding that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). Id. at 1301. We instructed that when the district court is assessing whether an offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, was a "covered offense," the court must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment. Id. at 1300–01. We rejected the government's argument that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the movant's violation. Id. at 1301. However, we recognized that a judge's actual drug quantity finding remains relevant to the extent the judge's finding triggered a higher statutory penalty. Id. at 1302. Applying this inquiry to the four movants in Jones, we concluded that all four

4

were sentenced for covered offenses because they were sentenced for offenses with penalties modified by the Fair Sentencing Act. Id. at 1302–03.

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. Id. at 1303. Specifically, we held that when § 404(b) of the First Step Act provides that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," it imposes two limitations on the district court's authority. Id. (quoting First Step Act § 404(b); emphasis added). One, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. Id. Two, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. Id. Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect -- that is, if his sentence was equal to the mandatory statutory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty -- then the Fair Sentencing Act would not have benefited him, and the First Step Act does not authorize the district court to reduce his sentence. Id. at 1303.

Using this framework, we affirmed the denials of two of the movants' motions in Jones, and vacated and remanded as to the others because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear whether the courts had recognized that authority. Id. at 1304–05. We held that it was error for a district court to conclude that a movant was ineligible based on (1) a higher drug quantity finding that was made for sentencing -- not statutory -- purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range. Id. at 1305. Because it was ambiguous whether the district courts denied the motions for one of those improper reasons, we vacated and remanded for further consideration. Id.

Finally, we noted that, while a district court may have the authority to reduce a sentence under § 404 of the First Step Act, it is not required to do so. Id. at 1304. We held that a district court has wide latitude to decide whether and how to exercise its discretion, and that it may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct. Id. at 1301, 1304.

Here, there is no substantial question that the district court erred in finding that Brown was not eligible for relief under the First Step Act. As the record reveals, the indictment charged that Brown's offenses had involved "five grams or more" of crack cocaine, and the jury returned only a general guilty verdict with no drug-quantity finding. In denying Brown's motion, the district court relied on the amount

of crack cocaine determined for sentencing purposes, which was 44 grams of crack cocaine. However, after the district court issued its decision, we held in Jones that the actual amount of drugs involved in the movant's offense beyond the amount related to his statutory penalty is not relevant to whether he was convicted of a covered offense. 962 F.3d at 1301-02. Instead, in this case, the amount relevant to Brown's offense was five grams or more of crack cocaine. Because the statutory penalty for this amount was modified by the Fair Sentencing Act, Brown was eligible for First Step Act relief. Id. at 1298, 1301-02.

In short, there is no substantial question that the district court erred in concluding that Brown was not eligible for relief under § 404 of the First Step Act. Accordingly, we GRANT Brown's motion for summary vacatur and remand so that the district court can consider whether to exercise its discretionary authority under the First Step Act to reduce Brown's sentences.