[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-12274

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROOSEVELT DAVIS,
a.k.a. Stank,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:93-cr-00571-UU-6

_____

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Roosevelt Davis, a federal prisoner, appeals the district court's order denying his motion for reconsideration of the order denying his motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018) ("First Step Act").  We stayed the appeal pending the outcome in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020), *cert. denied*, No. 20-6841 (U.S. May 17, 2021).  Davis and the government now jointly move for summary reversal based on the framework outlined in *Jones*.  After careful review, we grant the joint motion for summary reversal.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

We review for abuse of discretion a district court's ruling on an eligible movant's request for a reduced sentence under the First Step Act. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). However, where the issue presented involves a legal question, like a question of statutory interpretation or whether a district court had the authority to modify a term of imprisonment, our review is *de novo*. *Id.*; *United States v. Pringle*, 350 F.3d 1172, 1178-79 (11th Cir. 2003). While district courts lack the inherent authority to modify a term of imprisonment unless, for example, a statute expressly permits them to do so, 18 U.S.C. § 3582(c)(1)(B), the First Step Act expressly allows them to reduce a previously imposed term of imprisonment in certain situations. *Jones*, 962 F.3d at 1297.

In 2010, before the First Step Act, Congress enacted the Fair Sentencing Act, which amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; *see Dorsey v. United States*, 567 U.S. 260, 268–69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences). Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)–(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). These amendments were

not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act. *See* First Step Act § 404. Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Id. § 404(a). The statute makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

In *Jones*, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the district courts. 962 F.3d at 1293. We began by holding that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Id.* at 1301. We instructed that when the district court is assessing whether an offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, was a "covered offense," the court must consult the record, including the movant's charging document, the jury verdict or guilty plea, the

sentencing record, and the final judgment. *Id.* at 1300–01. We rejected the government's argument that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the movant's violation. *Id.* at 1301. However, we recognized that a judge's actual drug quantity finding remains relevant to the extent the judge's finding triggered a higher *statutory* penalty. *Id.* at 1302. Applying this inquiry to the four movants in *Jones*, we concluded that all four were sentenced for covered offenses because they were sentenced for offenses with penalties modified by the Fair Sentencing Act. *Id.* at 1302–03.

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. *Id.* at 1303. Specifically, we held that when § 404(b) of the First Step Act provides that any reduction must be "*as if* sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," it imposes two limitations on the district court's authority. *Id.* (quoting First Step Act § 404(b); emphasis added). One, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. *Id.* Two, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. *Id.* Applying these limitations, we held that if a movant's sentence *necessarily* would have remained the same had the

Fair Sentencing Act been in effect -- that is, if his sentence was equal to the mandatory statutory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty -- then the Fair Sentencing Act would not have benefited him, and the First Step Act does not authorize the district court to reduce his sentence.  *Id.* at 1303.

Using this framework, we affirmed the denials of two of the movants' motions in *Jones*, and vacated and remanded as to the others because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear whether the courts had recognized that authority.  *Id.* at 1304–05.  We held that it was error for a district court to conclude that a movant was ineligible based on (1) a higher drug quantity finding that was made for sentencing -- not statutory -- purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range.  *Id.* at 1305.  Since we could not tell if the two courts relied on these improper reasons, we vacated and remanded those cases.  *Id.*

Finally, we noted that, while a district court may have the authority to reduce a sentence under § 404 of the First Step Act, it is not required to do so.  *Id.* at 1304.  We held that a district court has wide latitude to decide whether and how to exercise its discretion, and that it may consider the 18 U.S.C. § 3553(a) factors and a

previous drug-quantity finding made for the purposes of relevant conduct. *Id.* at 1301, 1304.[2]

Here, it is clear the parties' position that Davis was eligible to receive a sentence reduction under the First Step Act is correct as a matter of law. *See Groendyke Transp.*, 406 F.2d at 1162. First, Davis was convicted of a covered offense within the meaning of the First Step Act. In 1994, he was convicted of conspiracy to manufacture and distribute and to possess with intent to manufacture and distribute cocaine. Although the superseding indictment referenced both powder and crack cocaine, Davis and the government agreed and recommended to the court in his plea agreement that, in determining his offense level, it was "reasonably foreseeable" that the offense conduct included 500 grams to 1.5 kilograms of crack cocaine. The agreement added that Davis understood that "the court must impose a minimum term of imprisonment of ten years and may impose a statutory maximum term of imprisonment of up to life." The presentence investigation report ("PSI")

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

calculated Davis's offense level using the amount of crack cocaine stipulated to in the plea agreement, and the district court sentenced him to 292 months, which was consistent with the PSI's guideline-range calculation.[3]  Thus, the record reflects that the district court sentenced Davis based on a crack-cocaine offense.  *See Jones*, 962 F.3d at 1302 (concluding as to movant Jones that he was sentenced for a covered offense because the record established the district court had treated his powder cocaine and crack cocaine counts as solely crack-cocaine offenses when it imposed his sentence).

Because the quantity of crack cocaine attributed to Davis satisfied the specific drug-quantity element in § 841(b)(1)(A)(iii), his conviction triggered a sentence of imprisonment of ten years to life.  21 U.S.C. § 841(b)(1)(A)(iii).  And the statutory penalties under § 841(b)(1)(A)(iii) were modified by § 2 of the Fair Sentencing Act. Fair Sentencing Act § 2(a)(1); *see also* 21 U.S.C. § 841(b)(1)(A)(iii). Thus, Davis's offense was a federal offense, the statutory penalties for which were modified by § 2 of the Fair Sentencing Act, and he committed his offense before the Fair Sentencing Act became effective on August 3, 2010, which makes his offense in Count One a covered offense.  *Jones*, 962 F.3d at 1298; *see* First Step Act § 404(a).

---

[3] In 2012, Davis moved for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), based on a retroactive amendment to the Sentencing Guidelines that lowered the applicable guideline range.  The district court granted Davis's motion, concluding that he was eligible for a sentence reduction under Amendment 750, and reduced his imprisonment term to 262 months.

Further, Davis did not receive the lowest statutory penalty that would also be available to him under the Fair Sentencing Act because he was sentenced to 262 months' imprisonment, which is more than five years, the lowest statutory penalty available to him for an offense involving crack cocaine. 21 U.S.C. § 841(b)(1)(A)(iii); *Jones*, 962 F.3d at 1303. As the record reflects, while the drug-quantity finding for purposes of Davis's original sentence was more than 500 grams, the drug quantity that triggered the 10-year mandatory minimum under the statute at the time was 50 grams or more. And as we held in *Jones*, the actual amount of drugs involved in Davis's offense beyond the amount related to his statutory penalty is not relevant to whether he was convicted of a covered offense. 962 F.3d at 1301-02. So, in this case, the amount relevant to Davis's offense would now be 28 to 280 grams of crack cocaine, which results in a statutory sentencing range of 5 to 40 years. *See* Fair Sentencing Act § 2(a)(1)–(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). Therefore, Davis's 262-month sentence is greater than the 60-month statutory minimum, and a district court could still reduce his sentence.

As for Davis's status as a career offender, the district court was ambiguous about whether his career-offender status was a basis for its denial. The court's initial order suggests that it found him ineligible because he was a career offender and his guideline range was unchanged. The court's reconsideration order suggests that it found him ineligible because he had already received a sentence reduction after the Fair Sentencing Act, and then went on to say

that "[e]ven if he were eligible for relief," Davis's career-offender guideline range remained unchanged by the First Step Act, and again denied him a reduction. Because there is some ambiguity and the court's orders could be read to suggest that Davis's career-offender status was a basis for the court's ineligibility finding, the district court erred under *Jones*. 962 F.3d at 1305 (holding that a district court errs when it concludes that a movant was ineligible based on his career-offender status). Moreover, despite Davis being sentenced at the bottom of the applicable *guideline* range, in *Jones* we vacated and remanded the denial of relief where the defendant's "commuted sentence [was] at the bottom of the guideline range, which may have caused the district court to conclude that [he] was ineligible for a further reduction to his sentence." 962 F.3d at 1305.

Finally, the district court erred when it found that Davis was ineligible for relief under § 404 of the First Step Act because he had already received a sentence reduction in accordance with the Fair Sentencing Act when the court reduced his sentence in 2012 pursuant to Amendment 750. Section 404(c) of the First Step Act provides that a movant is ineligible for relief under the Act if he already was sentenced or received a reduction under sections 2 and 3 of the Fair Sentencing Act. First Step Act § 404(c). Davis received a sentence reduction under one of the retroactive Guideline amendments promulgated after the Fair Sentencing Act, but the relevant portion of Amendment 750 explicitly states that it was promulgated pursuant to *section 8* of the Fair Sentencing Act, not sections

2 or 3.  *See* U.S.S.G. App. C, amend. 750.  Accordingly, Davis's prior reduction under Amendment 750 does not render him ineligible to receive a further reduction under the First Step Act.

Thus, in light of *Jones*, Davis was eligible to receive a sentence reduction under the First Step Act, and the parties' position is "clearly right as a matter of law."  *Groendyke Transp.*, 406 F.2d at 1162.  Additionally, his eligibility meant that the district court had the authority to reduce his sentence.  *See Jones*, 962 F.3d at 1303.  Accordingly, we GRANT the parties' joint motions for summary reversal and to substitute the joint motion for Davis's initial brief.