[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-11410
Non-Argument Calendar

_____

D. C. Docket No. 91-14025-CR-JCP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD MAURICE SMITH,
a.k.a. Runt,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 5, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ronald M. Smith, proceeding pro se, appeals the district court's denial of his

motion to modify his sentence under 18 U.S.C. § 3582(c)(2). On appeal, he argues

that the district court erred by not retroactively applying Amendment 599 to the

United States Sentencing Guidelines ("U.S.S.G.").[1] We review a district court's

decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for an

abuse of discretion. See United States v. Bravo, 203 F.3d 778, 780 (11th Cir.

2000). To the extent the district court made legal conclusions concerning the scope

of its authority under the Sentencing Guidelines, our review is de novo.

See United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). After careful

review, we affirm.[2]

The facts relevant to Smith's § 3582 motion are these. On November 14,

1991, a federal grand jury charged Smith and two co-defendants with conspiracy to

commit three armed bank robberies, in violation of 18 U.S.C. §§ 371, 2113(d)

(Count One); armed bank robbery on June 18, 1991, in violation of 18 U.S.C.

§ 2113(d) (Count Two); use of a firearm during the June 18, 1991 armed bank

---

[1] Pursuant to Amendment 599, a defendant convicted of an offense pursuant to 18 U.S.C. § 924(c) and sentenced to a consecutive five-year term for the offense cannot also receive a sentencing enhancement for possession of a weapon in the same underlying offense. See U.S.S.G. § 2K2.4, comment. (n.2) (Nov. 1, 2000); U.S.S.G. App. C, amend. 607.

[2] Smith also argues that the district court violated United States v. Booker, 543 U.S. 220 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000), by increasing his sentence above the maximum authorized sentence based on acquitted conduct. However, we have held that "Booker is inapplicable to § 3582(c)(2) motions." United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir.), cert. denied, 126 S.Ct. 1643 (2006). Moreover, because Apprendi is a Supreme Court decision as opposed to a retroactively applicable guideline amendment by the Sentencing Commission, Apprendi is also inapplicable to § 3582(c)(2) motions. Cf. Moreno, 421 F.3d at 1220.

robbery, in violation of 18 U.S.C. § 924(c) (Count Three); armed bank robbery on July 3, 1991 (Count Four); use of a firearm during the July 3, 1991 armed bank robbery (Count Five); armed bank robbery on August 9, 1991 (Count Six); and use of a firearm during the August 9, 1991 armed bank robbery (Count Seven). In November 1992, a jury returned guilty verdicts against Smith on Counts One, Two, Three, Four, and Five, and acquitted him of Counts Six and Seven.

In calculating Smith's adjusted offense level, the district court grouped the conspiracy count (Count One) with each of the substantive counts of armed bank robbery (Counts Two, Four, and Six), pursuant to U.S.S.G. § 1B1.2(d).[3] However, because Smith was acquitted on Count Six (armed bank robbery on August 9, 1991) and Count Seven (the corresponding firearm charge), one of these groups, "Group Three," consisted solely of the conspiracy count. As to this group, the district court applied a five-level weapons enhancement, as well as a two-level multiple-count adjustment, to Smith's base offense level, and calculated his total adjusted offense level at 29.

Based on an adjusted offense level of 29 and a criminal history category of I, the Guidelines recommended a range of 87 to 108 months' imprisonment on each

---

[3] According to § 1B1.2(d), "[a] conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit."

of Counts One, Two, and Four. However, because Count One had a statutory maximum, the Guidelines range for that count was 60 months' imprisonment. Counts Three and Five required mandatory terms of imprisonment of 60 months and 240 months, respectively, to be served consecutively.

The district court ultimately imposed a 408-month term of imprisonment, which the district court stated represented sentences "at the upper end of the guideline range" of 60 months on Count One; 108 months each on Counts 2 and Four, to run concurrently with each other and with the sentence on Count One; a 60-month consecutive term on Count Three; and 240-month consecutive term on Count Five. On direct appeal, we affirmed Smiths convictions and sentences. See United States v. Smith, No. 93-4243 (11th Cir. Jun. 4, 1994) (unpublished) . Approximately nine years later, Smith filed the present motion to modify the term of his imprisonment by applying Amendment 599. The district court denied the motion after determining that although Amendment 599 applies retroactively, it did not affect Smith's case . This appeal followed.

A district court ordinarily cannot modify a term of imprisonment once imposed. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir.), cert. denied, 126 S. Ct. 1643 (2006). "[H]owever, 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission,' upon a defendant's motion, 'the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" Id. (quoting 18 U.S.C. § 3582(c)(2)).

Under U.S.S.G. §1B1.10, "[w]here a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a). Amendment 599, "which was enacted in order to clarify under what circumstances a weapons enhancement may properly be applied to an underlying offense when the defendant has also been convicted for the use or possession of a firearm pursuant to 18 U.S.C. § 924(c)," is listed as an amendment covered by the policy statement pursuant to U.S.S.G. § 1B1.10(c). Pringle, 350 F.3d at 1179.

As amended by Amendment 599, Application Note 2 now provides:

If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense [i.e., armed robbery], do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any . . . weapon enhancement for the underlying offense of

conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c). However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction.

U.S.S.G. App. C, Amendment 599 (2000). In Pringle, we construed Amendment 599 as allowing "for weapon enhancements for all robberies except for the one robbery that served as the basis for [the] § 924(c) conviction," and held that a district court properly refused to reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) where "the underlying offense that received the enhancements - conspiracy to commit the robberies of [three businesses] - was different than the offense that formed the basis of [defendant's] 18 U.S.C. § 924(c) conviction - the robbery of [a fourth business]." Pringle, 350 F.3d at 1179-81.

Here, the district court imposed a five-level weapons enhancement on Group Three, which consisted solely of the count of conspiracy to commit armed bank robbery on August 9, 1991, because Smith was acquitted on the other counts comprising Group Three. Thus, as in Pringle, the April 9, 1991 offense was

6

independent of the offenses that formed the basis of the18 U.S.C. § 924(c) convictions. Accordingly, because no amendment listed in U.S.S.G. § 1B1.10(c) applies, we conclude that the district court did not err in refusing to reduce Smith's term of imprisonment in accordance with 18 U.S.C. § 3582(c)(2). See Pringle, 350 F.3d at 1179-80.

**AFFIRMED.**