[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11623
Non-Argument Calendar

_____

D. C. Docket No. 05-00123-CR-ORL-18GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL JOSEPH SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 3, 2008)**

Before BARKETT, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

Michael Smith, a federal prisoner convicted of a crack cocaine offense,

appeals pro se the district court's denial of his 18 U.S.C. § 3582 motion for reduction of sentence based on an amendment to U.S.S.G. § 2D1.1 that lowered the base offense levels applicable to crack cocaine offenses. Smith was convicted of possession with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), and possession with intent to distribute 50 grams or more of crack cocaine, in violation of § 841(a)(1) and (b)(1)(A)(iii). Smith was subject to a 120-month statutory mandatory minimum sentence, based on a prior felony drug conviction, making his guideline range 120 to 121 months' imprisonment. Prior to sentencing, the government filed a motion, pursuant to U.S.S.G. § 5K1.1, requesting the district court to depart from the mandatory minimum sentence based on Smith's substantial assistance, and the court granted this motion and sentenced Smith to 60 months' imprisonment.

On appeal, Smith contends that, after applying a two-level reduction, his amended guideline range was 120 months' imprisonment, based on the statutory mandatory minimum, which was lower than the original guideline range of 120 to 121 months' imprisonment, and therefore, the guideline range had been lowered, such that he met the eligibility requirement of both § 3582(c) and U.S.S.G. § 1B1.10. Smith also argues that: (1) he was entitled to a "comparable reduction" in his amended guidelines sentence to reflect the original downward departure; (2)

the Sentencing Commission's "Analysis of the Impact of the Crack Amendment if Made Retroactive" report that was issued on October 3, 2007, evidences the Commission's intent that Amendment 706 apply to those who had received sentences below the statutory mandatory minimum due to substantial assistance; (3) the mandatory minimum sentence was "dispensed with" upon the government's § 5K1.1 motion; and (4) the ambiguity in § 1B1.10 invokes the rule of lenity, which means that he should receive the benefit of the amendment.

We review "a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). However, where the issue presented involves a legal interpretation, review is de novo. United States v. Pringle, 350 F.3d 1172, 1178 (11th Cir. 2003). Although a district court generally cannot modify a term of imprisonment once it has been imposed, an exception lies in § 3582(c)(2), where:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added). A reduction of a term of imprisonment

3

is not "consistent with applicable policy statements issued by the Sentencing Commission" – and is, therefore, not authorized under § 3582(c)(2) – if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).  Pursuant to U.S.S.G. § 5G1.1(b), "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence *shall* be the guideline sentence." U.S.S.G. § 5G1.1(b) (emphasis added).

Amendment 706, which reduced the offense levels in crack cocaine cases calculated pursuant to § 2D1.1(c) by two levels, became effective November 1, 2007. See U.S.S.G. App. C, Amend. 706 (2007).  The Amendment was made retroactive as of March 3, 2007, by incorporation into U.S.S.G. § 1B1.10(c). See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).[1]  Although the retroactive effect of Amendment 706 allows a defendant whose guideline imprisonment range was determined in accordance with the offense level calculations under § 2D1.1 to seek a reduction in his sentence, a defendant whose original sentence ultimately was based on something other than the offense level calculation under § 2D1.1 is precluded from receiving a sentence reduction because the amendment does not

---

[1]The March 1, 2008 Supplement has been superceded by the May 1, 2008 Supplement and, when used with the 2007 Manual, constitutes the operative Guidelines Manual effective May 1, 2008. See U.S.S.G. Cover (Supp. May 1, 2008).

have the effect of lowering the applicable guideline range. See U.S.S.G. § 1B1.10(a)(2)(B). This occurs where, as here, the defendant was sentenced to a statutory mandatory minimum sentence. See U.S.S.G. § 1B1.10, comment. (n.1(A)) (noting that defendant is not eligible for reduction, even if amendment is listed in subsection (c), if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."); see also United States v. Black, 523 F.3d 892, 892-93 (8th Cir. 2008) (persuasive authority) (affirming the district court's denial of § 3582 motion because defendant was sentenced in accordance with the statutory mandatory minimum sentence, and courts are not authorized to sentence below statutory minimum sentences).

Section 5K1.1 of the Sentencing Guidelines provides that a court may depart from the Guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." The commentary elaborates that a defendant's substantial assistance "may justify a sentence below a statutorily required minimum sentence." U.S.S.G. § 5K1.1, comment. (n.1).

On September 5, 2008, we issued our first published decision regarding the

application of Amendment 706, in <u>United States v. Moore</u>, No. 08-11230, man. op. (11th Cir. Sept. 5, 2008). Moore, one of five defendants in the consolidated appeal from the district court's denial of each defendant's § 3582 motion, was originally sentenced as a career offender under U.S.S.G. § 4B1.1. <u>Id.</u> at 4-5. Prior to his original sentencing, however, the government filed a downward departure motion, pursuant to § 5K1.1 and § 3553(a), based on Moore's substantial assistance, and the court granted the motion and sentenced Moore below the statutory minimum sentence that applied as a result of his career offender status. <u>Id.</u> at 5. The district court denied Moore's § 3582 motion, and we affirmed, finding that, "[b]y its terms, the statute applies to a defendant whose sentence was 'based on' a subsequently-lowered 'sentencing range[,]'" and because Moore's sentence was based on the guideline range applicable to career offenders under § 4B1.1, Amendment 706 did not affect his base offense level and would not lower the sentencing range upon which his sentence was based. <u>Id.</u> at 10.

On appeal, Moore contended that he was eligible for a sentence reduction because he received a downward departure, and thus, he was not sentenced within the career offender guidelines. <u>Id.</u> at 14. We held that, because there was no indication that the sentencing court based Moore's sentence on the guideline range that would have applied absent the career offender designation, there was no basis

6

on which to conclude that the reduction in his base offense level lowered the sentencing range relied upon by the court in determining his sentence. Id. at 17. Accordingly, we held, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." Id. at 18.

Because, despite the substantial assistance departure that was determined after the applicable guideline range was calculated, Smith was sentenced "based on" the applicable statutory mandatory minimum term of imprisonment – resulting in a sentence that ultimately was based on something other than the offense level calculation under U.S.S.G. § 2D1.1 – he was precluded from receiving a sentence reduction under § 3582. See Moore, No. 08-11230, man. op. at 10. Furthermore, because Smith was not eligible for a sentence reduction, we do not need to address his remaining arguments. Accordingly, we affirm.

**AFFIRMED.**