[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2009
THOMAS K. KAHN
CLERK

No. 08-15481
Non-Argument Calendar

_____

D. C. Docket No. 99-00019-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK TURNER,
a.k.a. Pimp,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 17, 2009)

Before CARNES, BARKETT and WILSON , Circuit Judges.

PER CURIAM:

Roderick Turner appeals pro se the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion for a reduced sentence based on Amendment 706 to the

Sentencing Guidelines, which implemented a two-level reduction in the § 2D1.1 base offense levels for crack cocaine offenses. His original sentence was based on the career offender guidelines in § 4B1.1. He argues that the district court erred in finding that his career offender status barred him from relief, because the policies embodied in Amendment 706, 18 U.S.C. § 3553(a), and Supreme Court case law[1] all support granting a two-level reduction to defendants in crack cocaine-related cases.

We review "a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003) (citing United States v. Vautier, 144 F.3d 756, 759 n.3 (1998)). Where the issue presented involves a legal interpretation, review is de novo. See United States v. Pringle, 350 F.3d 1172, 1178 (11th Cir. 2003).

Amendment 706, which reduced the § 2D1.1(c) offense levels in crack cocaine cases by two levels, was made retroactive by incorporation into U.S.S.G. § 1B1.10(c). See U.S.S.G. App. C, Amend. 713. "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" pursuant to a

---

[1] E.g., Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007); United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2

retroactive amendment, the district court "may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. § 1B1.10(a)(2)(B). Thus, a defendant who was sentenced as a career offender under § 4B1.1 rather than under the drug-quantity-based offense levels in § 2D1.1(c) is ineligible for relief under Amendment 706, which did not alter the § 4B1.1 offense levels. United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, No. 08-7610 (U.S. Jan. 12, 2009).

Because Turner was sentenced as a career offender, his base offense level was determined by § 4B1.1, not § 2D1.1. As such, it was unaffected by Amendment 706. The district court did not err when it found that Amendment 706 offered no grounds for resentencing Turner.

For the foregoing reasons, we affirm the district court's denial of Turner's motion for a reduced sentence.

**AFFIRMED.**