[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15422
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00066-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER LEON PALMER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 14, 2009)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Christopher Leon Palmer, a federal prisoner convicted of a crack cocaine

offense, appeals pro se the district court's denial of his 18 U.S.C. § 3582 motion

for reduction of sentence based on an amendment to U.S.S.G. § 2D1.1 that lowered

the base offense levels applicable to crack cocaine offenses. Palmer argues that he was entitled to § 3582 relief, despite the fact that he was sentenced as a career offender. After careful review, we affirm.[1]

In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S. Ct. 965 (Jan. 12, 2009), and cert. denied, __ S. Ct. __, 2009 WL 301854 (Mar. 9, 2009) (No. 08-8554). "Once it is established that 18 U.S.C. § 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion." United States v. James, 548 F.3d 983, 984 n.1 (11th Cir. 2008). Where the issue presented involves a legal interpretation, however, review is de novo. United States v. Pringle, 350 F.3d 1172, 1178 (11th Cir. 2003).

Although a district court generally cannot modify a term of imprisonment once it has been imposed, an exception lies in § 3582(c)(2), where:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.

---

[1] The Government's "Motion for Summary Affirmance, and, In Case This Motion is Denied, Motion for Treatment of This [Motion] as The Brief for The United States," is DENIED AS MOOT in part, as to the request that we summarily affirm, and GRANTED in part, as to the request that we treat the motion as the brief for the Government.

§ 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>.

18 U.S.C. § 3582(c)(2) (emphasis added). A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" -- and is, therefore, not authorized under § 3582(c)(2) -- if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. <u>See</u> U.S.S.G. § 1B1.10(a)(2)(B).

Effective November 1, 2007, Amendment 706 adjusted downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in U.S.S.G. § 2D1.1. <u>See</u> U.S.S.G. App. C, amend. 706 (2007). Amendment 706, as amended by Amendment 713, is retroactively applicable and, therefore, may be the basis for a § 3582 motion. U.S.S.G. App. C, amends. 706, 713 (2008).

Although the retroactive effect of Amendment 706 allows a defendant whose guideline imprisonment range was determined in accordance with the offense level calculations under § 2D1.1 to seek a reduction in his sentence, a defendant whose original sentence ultimately was based on something other than the offense level calculation under § 2D1.1 is precluded from receiving a sentence

3

reduction because the amendment does not have the effect of lowering the applicable guideline range. See U.S.S.G. § 1B1.10(a)(2)(B). Therefore, a defendant sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 is not entitled to § 3582 relief because Amendments 706 and 713 did not lower the applicable guideline range for career offenders. Moore, 541 F.3d at 1327.

Just as in Moore, the record here shows that Palmer's sentencing range was determined by application of the career offender guideline in § 4B1.1, and the crack cocaine base offense level played no ultimate role in his sentence. Thus, Palmer was not sentenced under the otherwise applicable base offense level in § 2D1.1, and he was ineligible for § 3582 relief under Amendment 706.[2] Therefore, the district court properly denied the § 3582 motion, and we affirm.

**AFFIRMED.**

---

[2] Furthermore, Palmer's reliance on United States v. Poindexter, 550 F. Supp. 2d 578 (E.D. Pa. 2008), is unavailing because that case is not binding, and we are required to follow our own precedent in Moore. See United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) (stating, in the direct appeal context, that we are bound to follow our own precedent unless it is overruled en banc or by the Supreme Court). And in any event, Poindexter is distinguishable. Palmer was sentenced pursuant to the career offender guideline section, even though he received a downward departure for substantial assistance, unlike the defendant in Poindexter, who received § 3582 relief because his guideline range was based on § 2D1.1, given that the original sentencing court determined that he should not have been sentenced as a career offender and assigned the base offense level applicable absent the career offender designation. See Moore, 541 F.3d at 1329-30 (discussing Poindexter); Poindexter, 550 F. Supp. 2d at 580-81.