[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2009
THOMAS K. KAHN
CLERK

No. 08-15813
Non-Argument Calendar

_____

D. C. Docket No. 95-00446-CR-1-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES THOMAS HOOD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 28, 2009)

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

On March 26, 1997, James Thomas Hood, having been found guilty by a

jury of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, and two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), was sentenced to concurrent prison terms of 240 months. In 2007 and 2008, Hood, proceeding pursuant to 18 U.S.C. § 3582(c), moved the district court (in three motions) to reduce his sentences in accordance with Amendments 599 and 706 to the Sentencing Guidelines and Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). The district court denied his motions on September 30, 2008. In a single order, the court concluded that sentence reductions were not authorized because Hood had been sentenced to statutory minimum terms of imprisonment. Hood now appeals.

A district court may modify a term of imprisonment based on a sentence range that has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements, found in U.S.S.G. § 1B1.10, state that a sentence reduction is not authorized under § 3582(c)(2) if "an amendment . . . does not have the effect of lowering the defendant's applicable guideline [sentence] range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary elaborates that a reduction is not authorized if

2

the amendment does not lower the defendant's applicable sentence range "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. (n.1(A)).

"Amendment 599 was enacted to clarify under what circumstances a weapons enhancement may be applied to an underlying offense when the defendant has also received an 18 U.S.C. § 924(c) conviction, which provides separate punishment for the use or possession of a firearm in a violent crime." United States v. Pringle, 350 F.3d 1172, 1176 (11th Cir. 2003); see U.S.S.G. App. C, Amend. 599. Amendment 706 affects the base offense levels for crack cocaine offenses.

We find no error in the district court's conclusion that Hood was ineligible for a § 3582(c)(2) reduction pursuant to either Amendment 599 or 706 because his sentence was based on the statutory minimum term of imprisonment, not an otherwise applicable range that had been lowered by those amendments. See U.S.S.G. § 1B1.10, comment. (n.1(A)); United States v. Williams, 549 F.3d 1337, 1339-42 (11th Cir. 2008) (holding that the district court did not have the authority to grant Williams a reduction because Amendment 706 had no effect on his statutory minimum term of imprisonment, which had become his guideline range,

3

even when he received a downward departure under U.S.S.G. § 5K1.1). Furthermore, Hood's argument that United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Kimbrough apply in § 3582(c)(2) proceedings is foreclosed by our decision in United States v. Melvin, where we held that neither Booker nor Kimbrough, "prohibit[s] the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission." 556 F.3d 1190, 1192-93 (11th Cir.), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664).

Based on the foregoing reasons, the district court's judgment is AFFIRMED.