[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16309
Non-Argument Calendar

_____

D. C. Docket No. 98-08092-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARISTOTLE SAMPSON,
a.k.a. Arin Taylor,
a.k.a. Derrick Thomas,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 23, 2009)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Aristotle Sampson, a *pro se* federal prisoner, convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 709, which clarified when multiple convictions should be counted separately for purposes of the criminal history score. Sampson raises two issues on appeal. First, he argues the district court clearly erred in construing his § 3582(c)(2) motion as a request for relief pursuant to U.S.S.G. § 2D1.1, rather than U.S.S.G. § 4A1.2, and that this error was compounded by its failure to provide him notice and an opportunity to withdraw his § 3582(c)(2) motion, pursuant to *Castro v. United States*, 124 S. Ct. 786 (2003). Second, Sampson argues the district court clearly erred and abused its discretion in failing to grant his § 3582(c)(2) motion pursuant to Amendment 709, the application of which, he contends, would have reduced the calculation of his criminal history score and precluded him from qualifying as an armed career criminal.

We review a district court's resolution of a motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion and issues of legal interpretation *de novo*. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003); *United States v. Pringle*, 350 F.3d 1172, 1178-79 (11th Cir. 2003). We have held on direct appeal that an error a court committed at sentencing was harmless and remand was

2

unnecessary where the defendant received the lowest possible term of imprisonment. *See United States v. Hernandez*, 160 F.3d 661, 670-71 (11th Cir. 1998) (holding that an error in applying an upward departure from a criminal history category I to category II was harmless where a correct calculation of the defendant's criminal history score would have placed him in criminal history category II); *see also* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

First, Sampson's claim that the district court violated *Castro* is without merit, as *Castro* sets forth notice requirements preliminary to a district court's recharacterization of a *pro se* litigant's motion as a first 28 U.S.C. § 2255 motion. *See Castro*, 124 S. Ct. at 792. Because the district court did not recharacterize Sampson's § 3582(c)(2) motion as a § 2255 motion, it was not required to comply with *Castro*'s notice requirements.

Second, while the district court appears to have denied relief under § 3582(c)(2) because the Sentencing Commission had not lowered the guideline imprisonment range applicable to a career offender sentenced pursuant to U.S.S.G. § 4B1.1, and assumed erroneously that Sampson was convicted of a drug offense, any error was harmless error, as discussed below. *See Hernandez*, 160 F.3d at 670; Fed. R. Crim. P. 52(a). Thus remand is unnecessary.

As noted above, while a district court's decision to grant or deny a sentence reduction pursuant to § 3582(c)(2) is reviewed for abuse of discretion, where the issue presented involves a legal interpretation, review is *de novo*. *Brown*, 332 F.3d at 1343; *Pringle*, 350 F.3d at 1178. A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The amendment to the Guidelines must be retroactively applicable, however, and only amendments listed in U.S.S.G. § 1B1.10(c) qualify as retroactively applicable amendments warranting § 3582(c)(2) relief. U.S.S.G. § 1B1.10(a)(1), (c); *United States v. Armstrong*, 347 F.3d 905, 907-08 (11th Cir. 2003).

Amendment 709 is not listed in § 1B1.10(c), and, therefore, it is not a retroactively applicable amendment that may be the basis for § 3582(c)(2) relief. *See* U.S.S.G. § 1B1.10(c) (listing the retroactively applicable amendments, which does not include Amendment 709). Because Amendment 709 is not retroactively applicable, it cannot be a basis for Sampson's § 3582(c)(2) motion, and, therefore, the district court properly denied Sampson's § 3582(c)(2) motion. *See* U.S.S.G. § 1B1.10(a)(1), (c); *Armstrong*, 347 F.3d at 907-08. Moreover, to the extent that Sampson challenges the district court's original determination at sentencing that he

4

qualified as an armed career criminal, we have held that "a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).

Based on our review of the record and consideration of the parties' briefs, we affirm the district court's denial of Sampson's § 3582(c)(2) motion.

**AFFIRMED.**