[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 11, 2011
JOHN LEY
CLERK

No. 11-10008
Non-Argument Calendar

_____

D.C. Docket No. 1:96-cr-00075-JIC-27

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO GALVEZ,
a.k.a. Francoise Roger,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 11, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

On September 8, 1999, the district court sentenced Rogelio Galvez, on pleas

of guilty, to a prison term of 360 months for conspiracy, in violation of 21 U.S.C. § 846, to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1), and a consecutive prison term of 60 months for possession of a firearm during and in relation to an April 19, 1996 drug robbery, in violation of 18 U.S.C. § 924(c). On August 23, 2010, Galvez, proceeding *pro se*, moved the district court, pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence on the § 846 conspiracy conviction based on Amendment 599 of the Sentencing Guidelines. At his sentencing, the court had enhanced the base offense level for the § 846 offense by two-levels pursuant to U.S.S.G. § 2D1.1(b)(1); he argues now that Amendment 599 invalidated the enhancement thereby reducing the Guidelines sentencing range for his § 846 offense.

We review for abuse of discretion a district court's decision not to reduce a sentence pursuant to § 3582(c)(2). *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). The district court's interpretation of Amendment 599 is reviewed *de novo*. *United States v. Pringle*, 350 F.3d 1172, 1178 (11th Cir. 2003). Under § 3582(c)(2), where a defendant's term of imprisonment was based on a Guidelines sentencing range "that has subsequently been lowered by the Sentencing Commission," a district court has the discretion to reduce the sentence "if such a reduction is consistent with applicable policy statements" of the

2

Guidelines. 18 U.S.C. § 3582(c)(2). The applicable policy statement, found in U.S.S.G. § 1B1.10, lists those Guidelines amendments that may apply retroactively to reduce a sentence, and Amendment 599 is included in the list. U.S.S.G. § 1B1.10(c). However, a sentence reduction is not authorized if the listed amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 599, which took effect on November 1, 2000, was intended "to clarify under what circumstances a weapons enhancement may properly be applied to an underlying offense when the defendant has also been convicted for the use or possession of a firearm pursuant to 18 U.S.C. § 924(c)." *Pringle*, 350 F.3d at 1179; *see* U.S.S.G. app. C, amend. 599. Specifically, Amendment 599 revised the application note to U.S.S.G. § 2K2.4, the guideline for § 924(c) offenses, and provides, in part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under 1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity,

possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. 924(c). However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. 924(c) conviction.

U.S.S.G. app. C, amend. 599; *Pringle*, 350 F.3d at 1179.

In *Pringle*, the defendant committed multiple robberies and was convicted on several counts, including a conspiracy count and a § 924(c) count. *Pringle*, 350 F.3d at 1174-75. The § 924(c) count was predicated on a bank robbery that also formed part of the defendant's conspiracy conviction. *Id.* at 1175. The defendant received weapon enhancements for several criminal acts underlying the conspiracy, but not for the bank robbery. *Id.* On appeal from the denial of the defendant's § 3582(c)(2) motion, we reasoned that "Amendment 599 was promulgated in order to prevent 'double counting' for firearms use in any *one criminal event*." *Id.* at 1180. Therefore, the amendment allowed the "weapon enhancements for all robberies except for the one robbery that served as the basis for [defendant's] § 924(c) conviction." *Id.* Accordingly, we held that the defendant's weapon enhancements comported with Amendment 599, and a § 3582(c)(2) sentence reduction based on that amendment was not warranted. *Id.* at

4

1181.

In this case, it is not clear what specific criminal event formed the basis for Galvez's § 924(c) conviction and what criminal event underlay the two-level weapon enhancement. However, the indictment and the presentence investigation report indicate that Galvez and his co-conspirators participated in multiple criminal events that involved the use of firearms, even though Galvez personally participated in only some of these events. Therefore, several criminal acts independent of the § 924(c) offense could have properly formed the basis for Galvez's two-level enhancement. *See* U.S.S.G. § 1B1.3(a)(1)(B) (stating that, in the case of a jointly undertaken criminal activity, sentencing enhancements may be applied on the basis of "all reasonably foreseeable acts and omissions" of co-conspirators). Furthermore, even if Galvez's § 924(c) conviction was predicated on a criminal event that also formed part of his conspiracy conviction, nothing suggests that the weapon enhancement was predicated on that same criminal event within the conspiracy. Accordingly, Amendment 599 did not invalidate Galvez's two-level weapon enhancement and had no effect on his Guidelines sentencing range, thereby precluding a § 3582(c)(2) sentence reduction. *See Pringle*, 350 F.3d at 1179-81; U.S.S.G. § 1B1.10(a)(2)(B).

AFFIRMED.