[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10871
Non-Argument Calendar
_____

D.C. Docket No. 1:96-cr-00075-JIC-27

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO GALVEZ,
a.k.a. Francoise Roger,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 14, 2015)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Rogelio Galvez is before this court for a second time, seeking the reversal of a district court order denying a 18 U.S.C. § 3582(c)(2) motion for a sentence reduction under Amendments 599 and 782 of the Sentencing Guidelines.[1]  Galvez argues that we may revisit his previously rejected argument for a sentencing reduction under Amendment 599.  He asserts that if his offense level is reduced based on both Amendments 599 and 782, then his Guidelines sentence range would be lowered and the district court would have the authority to consider modifying his sentence.

We review *de novo* the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2).  *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009).  To obtain a reduction in a term of imprisonment based on an amendment to the Sentencing Guidelines, the relevant amendment must be listed in § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).  Because it is listed in § 1B1.10(d), Amendment 782 to the Sentencing Guidelines may serve as the basis for a sentence reduction.  *Id.* § 1B1.10(d).  Amendment 782 reduced by two levels the base offense levels that apply to most drug offenses in U.S.S.G. § 2D1.1.  *See* U.S.S.G. App. C, Amend. 782 (2014).

---

[1]  In *United States v. Galvez,* 437 F. App'x. 790 (11th Cir. 2011), we affirmed the district court's decision denying a sentence reduction under 18 U.S.C. § 3582(c)(2) because Amendment 599 did not operate to invalidate a two-level weapons enhancement of his base offense level for a 18 U.S.C. § 846 conspiracy and had no effect on his Guidelines sentence range for that offense.

2

A district court may not reduce a defendant's term of imprisonment unless: (1) the defendant's sentence was based upon a Guidelines sentence range the Sentencing Commission subsequently lowered, and (2) a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A reduction is not consistent with the Guidelines' policy statement if the amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Under the law-of-the-case doctrine, "an appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal." *United States v. Anderson*, 772 F.3d 662, 668 (11th Cir. 2014) (quotation and alteration omitted). There are three exceptions to the law-of-the-case doctrine: (1) there is new evidence; (2) a change in controlling law dictates a different result; or (3) the prior decision was clearly erroneous and would cause manifest injustice. *Id.* at 668–69. We have applied the law-of-the-case doctrine to § 3582(c)(2) proceedings. *See id.* at 668–70.

Galvez was sentenced on Count 1 of the indictment to 360 months' imprisonment for conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846, and, on Count 2, to 60 months' imprisonment to run consecutively for using a gun in relation to that conspiracy

3

offense, in violation of 18 U.S.C. § 924(c).  The offense level for Count 1 was derived from the drug quantity table that Amendment 782 revised; he was sentenced as a career offender, though, because the offense level for a career offender is the highest of the calculations from the table in U.S.S.G. § 4B1.1 or the "otherwise applicable" offense level.  *See* U.S.S.G. § 4B1.1(b).  Galvez's total offense level was 39 and his criminal history category was VI, resulting in a Guidelines sentence range of 360 months to life for Count 1.  If the Count 1 offense level were reduced by two levels to 37, pursuant to Amendment 782, his Guidelines sentence range would remain 360 months to life.  *See* U.S.S.G. App. C, Amend. 782 (2014); U.S.S.G. Ch. 5, Pt. A, Sentencing Table.  As such, the Sentencing Commission, through Amendment 782, did not lower that sentence range; therefore, the district court was not authorized to reduce Galvez's Count 1 sentence.  18 U.S.C. § 3582(c)(2).

In Galvez's previous appeal, we held that he was not entitled to a sentence reduction under Amendment 599.  *United States v. Galvez*, 437 F. App'x 790, 792 (11th Cir. 2011).  Thus, the law-of-the-case doctrine bars relitigation of the Amendment 599 issue unless an exception applies.  *Anderson*, 772 F.3d at 668–69.  Galvez argues that an exception to the doctrine, that the earlier decision was clearly erroneous and would cause manifest injustice, applies to allow us to reexamine our decision.  Galvez provides no support for the proposition that it is

4

manifestly unjust for his codefendants to receive sentence reductions while he does not. Consequently, our prior decision that Galvez was not eligible for a sentence reduction under Amendment 599 is binding.

AFFIRMED.