[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-14804
Non-Argument Calendar
_____

D.C. Docket No. 5:95-cr-05016-LC-EMT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES KEITH JOHNSON,
a.k.a. Thunder Eagle Ghost Dancer,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 23, 2020)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

James Keith Johnson, proceeding *pro se*, appeals the district court's denial

of his request for a total sentence reduction in light of Amendment 599 to the

guidelines, pursuant to 18 U.S.C. § 3582(c)(2).  He contends that Amendment 599 was retroactively applicable, it lowered his offense level by five levels, the record was silent as to whether he was a career offender, and the court erred in not weighing the § 3553(a) sentencing factors.  The government moves for summary affirmance, and contends that even if Amendment 599 were applicable, it did not change Johnson's guideline range due to his status as a career offender.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

In a § 3582(c)(2) proceeding, "we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).  A district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) is reviewed for an abuse of discretion.  *United States v. White*, 305 F. 3d 1264, 1267 (11th Cir. 2002).

It is well-established that a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015).  A district court

may "modify an imposed term of imprisonment to the extent . . . expressly permitted by statute."  18 U.S.C. § 3582(c)(1)(B).  Under 18 U.S.C. § 3582(c)(2), a district court may reduce a prisoner's term of imprisonment where a prisoner was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  However, "[a]ny retroactive reduction in sentence subsequent to a motion filed under § 3582(c)(2) must be 'consistent with applicable policy statements issued by the Sentencing Commission.'"  *United States v. Armstrong*, 347 F.3d 905, 907 (11th Cir. 2003) (quoting 18 U.S.C. § 3582(c)(2)).

The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, provides the following:

> (a) Authority—

>> (1) In General—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

>> (2) Exclusions—a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under []§ 3582(c)(2) if:

>>> (A) none of the amendments listed in subsection (d) is applicable to the defendant

> [ . . .]

3

> (d) Covered Amendments—Amendments covered by this policy statement [include] . . . *599* . . . .

U.S.S.G. §§ 1B1.10(a)(1)-(2), (d) (emphasis added).  Thus, as outlined above, "for a sentence to be reduced retroactively under § 3582(c)(2), a court must determine whether there has been an amendment to the sentencing guidelines that has lowered the guideline range applicable to that sentence and is listed under § 1B1.10([d])."  *Armstrong*, 347 F.3d at 907.  Amendment 599 is a listed amendment in § 1B1.10(d).  *See* U.S.S.G. § 1B1.10(d).

However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008); *see also* U.S.S.G. § 1B1.10, comment (n.1(A)(ii)) (a reduction is not authorized where "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.").  A § 3582(c)(2) proceeding does not constitute a *de novo* resentencing, and all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."  *Unite State v. Bravo*, 203 F. 3d 778, 781 (11th Cir. 2000) (emphasis omitted).

"Amendment 599 was enacted in order to clarify under what circumstances a weapons enhancement may properly be applied to an underlying offense when the defendant has also been convicted of the use or possession of a firearm pursuant to 18 U.S.C. § 924(c)." *United States v. Pringle*, 350 F. 3d 1172, 1179 (11th Cir. 2004); *see* U.S.S.G. App. C., Amend. 599. The purpose of this amendment was to "prevent 'double counting' for firearms use in any *one criminal event*." *Pringle*, 350 F. 3d at 1180 (emphasis in original). The Sentencing Guidelines explicitly state that Amendment 599 can be retroactively applied upon a motion under § 3582(c)(2). U.S.S.G. § 1B1.10(a), (c).

Here, the district court did not abuse its discretion by denying Johnson's motion to reduce his total sentence. Even though Amendment 599 might have applied to his case, the PSI expressly observed that he alternatively would have qualified as a career offender, under § 4B1.1, which would have yielded the same offense level. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)(ii)). Therefore, the application of Amendment 599 would not have changed his guideline range, and his motion was properly denied. *Moore*, 541 F. 3d at 1330.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule.

5