[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10550
Non-Argument Calendar

_____

D.C. Docket No. 5:07-cr-00048-MW-GRJ-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRUCE THEODORE SMITH, JR,
a.k.a. Deuce,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 17, 2020)

Before MARTIN, BRANCH and MARCUS, Circuit Judges.

PER CURIAM:

Bruce Smith appeals the district court's determination that Smith was not

entitled to a full resentencing to reduce his 18 U.S.C. § 924(c) sentence after it

granted him a reduction in his sentences for crack cocaine offenses under Section 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"). On appeal, Smith argues that the district court erred when it held that he was not entitled to a full resentencing because 18 U.S.C. § 3582(c)(1)(B) authorizes the court to modify a sentence to the extent expressly permitted by statute and the First Step Act does not limit a court's authority to conduct a full resentencing. After thorough review, we affirm.

We review for abuse of discretion a district court's ruling on an eligible movant's request for a reduced sentence under the First Step Act. United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). However, where the issue presented involves a legal question, like a question of statutory interpretation, our review is de novo. Id.; United States v. Pringle, 350 F.3d 1172, 1178-79 (11th Cir. 2003). While district courts lack the inherent authority to modify a term of imprisonment unless, for example, a statute expressly permits them to do so, 18 U.S.C. § 3582(c)(1)(B), the First Step Act expressly allows them to reduce a previously imposed term of imprisonment in certain situations. Jones, 962 F.3d at 1297.

In 2010, before the First Step Act, Congress enacted the Fair Sentencing Act, which amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act; see Dorsey v. United States, 567 U.S. 260, 268–69 (2012) (detailing the history that led to enactment of

2

the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences).  Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)–(2); see also 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).  These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  See First Step Act § 404.  Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010."  Id. § 404(a).  The statute makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  Id. § 404(c).

3

In United States v. Denson, we held that a defendant does not have a right to be present at a hearing on his motion for a sentence reduction under § 404 of the First Step Act and that his absence does not violate the right to due process. 963 F.3d 1080, 1087-88 (11th Cir. 2020). In so holding, we explained that the First Step Act does not authorize a district court to conduct a plenary or de novo resentencing in which it reconsiders sentencing guideline calculations unaffected by §§ 2 and 3 of the Fair Sentencing Act, reduces the defendant's sentence based on changes in the law beyond those mandated by §§ 2 and 3, or changes the defendant's sentences on counts that are not "covered offenses." Id. at 1089.

Prior to the First Step Act, under 18 U.S.C. § 924(c), in the case of a second or subsequent conviction under § 924(c), a defendant was to be "sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i). Section 403(a) of the First Step Act amended this language so that for the mandatory minimum of 25 years' imprisonment to apply to a defendant's second § 924(c) violation, the first § 924(c) conviction had to be final. First Step Act § 403(a). The amendments applied only to defendants who had not been sentenced by the enactment date of the First Step Act, December 21, 2018. Id. § 403(b).

Here, Smith pled guilty and was sentenced to 240 months' imprisonment as to each of Counts 1, 2, and 5 -- one count of conspiracy to manufacture, distribute, and possess with intent to distribute more than 50 grams of crack cocaine, and two

counts of possession with intent to distribute more than five grams of crack cocaine -- to be served concurrently; 60 months' imprisonment as to Count 3 -- one count of possessing a firearm during and in furtherance of a drug trafficking crime -- to be served consecutively; and 300 months' imprisonment as to Count 6 -- another count of possessing a firearm during and in furtherance of a drug trafficking crime -- to be served consecutively, for a total term of 600 months' imprisonment. At Smith's sentence reduction hearing, the district court reduced Smith's sentences from 240 months' imprisonment to 120 months' imprisonment on each of Counts 1, 2, and 5, to be served concurrently, but maintained the sentences of 60 months' imprisonment as to Count 3 and 300 months' imprisonment as to Count 6, both to run consecutively, for a total sentence of 480 months' imprisonment. The district court also modified Smith's term of supervised release, reducing it from 10 years to 8 years.

On appeal, the parties do not dispute that Smith's crack cocaine offenses in Counts 1, 2, and 5 were "covered offenses" under § 404 of the First Step Act nor that Smith was eligible for a reduction of those sentences under the First Step Act. The only issue before us is whether the district court erred in concluding that Smith was not entitled to a full resentencing on all of his counts of conviction.

Based on the clear language of the First Step Act and our recent holding in Denson, the district court did not err. For starters, Smith was sentenced prior to the

First Step Act's enactment in 2018, which means that the § 403 amendments to § 924(c)'s penalties -- which now require a first § 924(c) conviction to be <u>final</u> before a 25-year mandatory minimum applies to a second § 924(c) violation -- did not apply to him and did not affect his sentence on Count 6.  <u>See</u> First Step Act § 403(b) (specifying that the amendments in § 403 applied only to defendants who had not been sentenced by the enactment date of the First Step Act, December 21, 2018).

Further, because the sentence on Count 6 was unaffected by §§ 2 and 3 of the Fair Sentencing Act and was not a "covered offense," the district court correctly concluded that it could not conduct a plenary resentencing in which it reduced the sentence on Count 6.  <u>Denson</u>, 963 F.3d at 1089.  We held in <u>Denson</u> that there are only limited situations in which a district court can modify a sentence under the First Step Act, and none of them apply to Smith's sentence on Count 6.  <u>Id</u>.  Accordingly, the district court did not err by concluding that it did not have the authority to conduct a <u>de novo</u> resentencing under the First Step Act to reduce Smith's sentence on Count 6, and we affirm.

**AFFIRMED.**

6