[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10482
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-20194-JAL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

TARAHRICK TERRY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 22, 2020)

Before WILSON, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Tarahrick Terry appeals the district court's denial of his motion for a sentence reduction under Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act").  He argues that he is eligible for a reduction because the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, raised the weight ceiling of 18 U.S.C. § 841(b)(1)(C) to 28 grams of cocaine base from 5 grams, and thus, modified that section to be a covered offense.  After thorough review, we affirm.

We review for abuse of discretion a district court's ruling on an eligible movant's request for a reduced sentence under the First Step Act.  United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020).  However, where the issue presented involves a legal question, like a question of statutory interpretation, our review is de novo.  Id.; United States v. Pringle, 350 F.3d 1172, 1178-79 (11th Cir. 2003).  While district courts lack the inherent authority to modify a term of imprisonment unless, for example, a statute expressly permits them to do so, 18 U.S.C. § 3582(c)(1)(B), the First Step Act expressly allows them to reduce a previously imposed term of imprisonment in certain situations.  Jones, 962 F.3d at 1297.

In 2010, before the First Step Act, Congress enacted the Fair Sentencing Act, which amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine.  Fair Sentencing Act; see Dorsey v. United States, 567 U.S. 260, 268–69 (2012) (detailing the history that led to enactment of

2

the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences).  Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)–(2); see also 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).  These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act.  United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012).  Further, the Fair Sentencing Act did not expressly make any changes to § 841(b)(1)(C), which provides for a term of imprisonment of not more than 20 years, or 30 years if there is a prior felony drug conviction, for cases involving quantities of crack cocaine that do not fall within § 841(b)(1)(A) or (B).  See Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  See First Step Act § 404.  Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  The statute defines "covered offense" as "a violation of a Federal

3

criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Id. § 404(a). The statute makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Id. § 404(c).

In Jones, we interpreted the First Step Act's definition of a "covered offense," and concluded that the phrase "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" modifies the term "violation of a Federal criminal statute." 962 F.3d at 1298; see First Step Act § 404(a). Thus, "[a] movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." Jones, 962 F.3d at 1298. This means that a movant has a "covered offense" if he was sentenced for an offense that triggered one of the statutory penalties "provided in subsections 841(b)(1)(A)(iii) and (B)(iii)." Id. We added that "[t]hose provisions . . . are the only provisions [in § 841(a)] that the Fair Sentencing Act modified." Id. at 1300.

We instructed that when the district court is assessing whether an offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, was a "covered offense," the court must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment. Id. at 1300–01. We rejected the government's argument that, when conducting this inquiry, the district court should consider the actual quantity of crack

cocaine involved in the movant's violation.  Id. at 1301.  However, we recognized that a judge's actual drug quantity finding remains relevant to the extent the judge's finding triggered a higher statutory penalty.  Id. at 1302.  Moreover, the district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841 -- in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering § 841(b)(1)(B)(iii).  Id. at 1301.

Here, the district court did not err by concluding that Terry did not commit a "covered offense," and, thus, was not eligible for relief under the First Step Act.  As the record reflects, Terry pled guilty to one count of possession with intent to distribute a substance containing a "detectable" amount of cocaine base (which the district court found at sentencing to be 3.9 grams of cocaine base), thus triggering the penalties found in § 841(b)(1)(C).  Based on Terry's prior convictions, the statutory term of imprisonment for this count was 0 to 30 years' imprisonment, see 21 U.S.C. §§ 841(b)(1)(C), and the district court sentenced him to 188 months' imprisonment with 6 years' supervised release.  The Fair Sentencing Act did not expressly amend § 841(b)(1)(C); as Jones made clear, §§ 841(b)(1)(A) and 841(b)(1)(B) were the only provisions modified.  962 F.3d at 1300.  Accordingly, Terry's offense under § 841(b)(1)(C) is not a "covered offense," and we affirm.

**AFFIRMED**.

5