[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13989

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

REGINALD WOODS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:97-cr-00159-RDP-GMB-1

_____

Before NEWSOM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Reginald Woods, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). On appeal, Woods argues that the district court abused its discretion when it denied his motion because United States Sentencing Guidelines ("U.S.S.G.") Amendment 599 applied to his case and lowered his guidelines range. After careful review, we affirm.

## I.

In 1997, a jury convicted Woods of one count of carjacking, in violation of 18 U.S.C. § 2119 (Count 1); four counts of bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (Counts 2, 4, 6, and 9); and four counts of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Counts 3, 5, 7, and 10).

The presentence investigation report ("PSI") noted that Woods used a firearm in relation to the carjacking conviction in Count 1 and in relation to the bank robberies in Counts 2, 4, 6, and 9. The PSI also noted that his convictions in Counts 3, 5, 7, and 10, were predicated on his bank robbery convictions in Counts 2, 4, 6, and 9. The PSI also noted that his offenses in Counts 1 and 2 occurred on the same day.

Using the 1997 Sentencing Guidelines to calculate Woods's guidelines range as to Count 1, the PSI applied a base offense level

of 20 under U.S.S.G. § 2B3.1(a).  The PSI added two levels because his offense involved a carjacking under § 2B3.1(b), five levels because he "brandished, displayed, or possessed" a firearm under § 2B3.1(b)(2)(C), and one level because the loss was more than $10,000 under § 2B3.1(b)(7)(B), which resulted in a subtotal of 28. Counts 2, 4, 6, and 9 each received subtotal offense levels of 23, and when adjusted for multiple counts, his total offense level was 31. The PSI noted that, although a firearm was discharged during Counts 2, 4, 6, and 9, a seven-level specific offense enhancement under § 2B3.1(b)(2)(A) was unwarranted because Woods had been convicted of the firearm offenses in Counts 3, 5, 7, and 10, which related to Counts 2, 4, 6, and 9.  As to Counts 3, 5, 7, and 10, the PSI explained that each offense required a twenty-year sentence, to run consecutively to each other and any other terms of imprisonment.

The district court then sentenced Woods to 1,081 months' imprisonment, consisting of 240 months as to each of his § 924(c) convictions in Counts 3, 5, 7, and 10, all to run consecutively to one another, and 121 months as to each of Counts 1, 2, 4, 6, and 9, all to run concurrently with each other but consecutively to the sentences imposed in Counts 3, 5, 7, and 10, followed by 5 years of supervised release.

In July 2022, Woods moved *pro se* to reduce his sentence under § 3582(c)(2) based on U.S.S.G. Amendment 599.  Woods argued that Counts 1 and 2 related to the same course of conduct and were part of the same transaction because he committed the

carjacking in preparation for the bank robbery and that, as such, his conduct in Count 1 was within the scope of relevant conduct for Count 2, so he should not have received a five-level enhancement to his guidelines calculation. Woods also argued that his combined sentence for his single course of action in Counts 1, 2, and 3, exceeded the statutory maximum in 18 U.S.C. § 2113(a) and (d) by 61 months, and any act that raised his sentence beyond the statutory maximum was an element that had to be presented to the jury. Woods also asserts that he was not a threat to the public because he had not had an incident report since 1999 and he was rehabilitated. Soon after, Woods filed a letter to the district court clarifying that the relief he sought in his § 3582(c)(2) motion was the removal of the five-level guidelines enhancement under Count 1 because he committed Counts 1 and 2 in the same course of conduct and was convicted of a separate firearm charge in relation to Count 2. He also requested that his offense level of 28 be reduced to 23 based on the 18 U.S.C. § 3553(a) factors.

The government opposed Woods's motion, arguing that the district court did not have the authority to reduce his sentence because such a reduction would not be consistent with applicable policy statement by the Sentencing Commission. The government asserted that Amendment 599 did not change Woods's sentence because the district court was required to sentence Woods to consecutive twenty-year sentences on each of Counts 3, 5, 7, and 10, and he also faced a guidelines range of 121 to 151 months on top of the consecutive twenty-year terms. The government argued that, because the district court only sentenced Woods to the mandatory

80 years' imprisonment, any amendment to the guidelines would not have changed Woods's sentence.

The district court denied Woods's motion. The district court found that Woods was not eligible for a sentence reduction under Amendment 599 because it did not apply to Woods's case. The district court noted that, while Woods was convicted under § 924(c) in Counts 3, 5, 7, and 10 for using a firearm during the commission of four bank robberies, he was also convicted for the underlying bank robbery crimes in Counts 2, 4, 6, and 9. The district court explained that Woods did not receive a weapons enhancement for any of the bank robberies and that, instead, he only received a weapons enhancement for his conduct in Count 1, the carjacking. The district court stated that, unlike his bank robbery convictions, Woods was not convicted of a § 924(c) offense for using the firearm during the carjacking. Thus, the district court explained, his carjacking offense was not an "underlying offense" under Amendment 599. The district court concluded that Amendment 599 did not apply to Woods's case, but even if it did, it would not change his sentence. The district court thus denied his § 3582(c)(2) motion. This appeal ensued.

## II.

We review *de novo* the district court's legal conclusions about the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). If § 3582(c)(2) applies, we review the district court's decision to grant or deny a sentence reduction only for an abuse of discretion. *United*

*States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017).  An abuse of discretion arises if the district court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009) (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004)).

**III.**

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has later been lowered by the Sentencing Commission. § 3582(c)(2).  The Sentencing Guidelines specify that Amendment 599 is a covered amendment that permits a district court to modify a defendant's term of imprisonment if the amendment has the effect of lowering the defendant's guidelines range.  U.S.S.G. § 1B1.10(a), (d).  Further, any reduction in sentence must be consistent with the Sentencing Commission's policy statements. § 3582(c)(2).

In November 1997, the Sentencing Guidelines stated that, when a defendant was convicted under § 924(c), "the term of imprisonment is that required by statute."  U.S.S.G. § 2K2.4(a) (1997). The Application Notes to § 2K2.4 provided that, to avoid double counting, when "a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm (e.g., § 2B3.1(b)(2)(A)-(F) (Robbery)) is not to be

applied in respect to the guideline for the underlying offense." *Id.* cmt. n.2. The 1997 Sentencing Guidelines provided for a five-level increase if a firearm was possessed during a robbery offense and a seven-level increase if a firearm is discharged during the robbery offense. *Id.* § 2B3.1(b)(2)(A), (C).

In 2000, the Sentencing Commission adopted Amendment 599, which changed the language in U.S.S.G. § 2K2.4's Application Note. *Caraballo-Martinez*, 866 F.3d at 1237. After Amendment 599, the Application Note to § 2K2.4 provided the following:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c). However, if a defendant is convicted of two armed

> bank robberies, but is convicted under 18 U.S.C.
> § 924(c) in connection with only one of the robberies,
> a weapon enhancement would apply to the bank rob-
> bery which was not the basis for the 18 U.S.C.
> § 924(c) conviction.
>
> If the . . . weapon that was possessed, brandished,
> used, or discharged in the course of the underlying
> offense also results in a conviction that would subject
> the defendant to an enhancement under . . .
> § 2K2.1(b)(5) (pertaining to possession of any firearm
> or ammunition in connection with another felony of-
> fense), do not apply that enhancement.

U.S.S.G. § 2K2.4 cmt. n.2; *accord United States v. Brown*, 332 F.3d
1341, 1344–45 (11th Cir. 2003). "The purpose of Amendment 599 is
'to clarify under what circumstances defendants sentenced for vio-
lations of 18 U.S.C. § 924(c) may receive weapon enhancements
contained in the guidelines for those other offenses.'" *United States
v. Armstrong*, 347 F.3d 905, 908 n.4 (11th Cir. 2003) (alteration
adopted) (quoting U.S.S.C. Guidelines Manual Supp. to App. C. at
70).

In *United States v. Diaz*, 248 F.3d 1065 (11th Cir. 2001), we
vacated and remanded sentences with the five-level firearm en-
hancement under § 2B3.2 based on a co-conspirator's conduct. *Id.*
at 1109. There, we stated that, under Amendment 599 and § 2K2.4,
"relevant conduct cannot be used to enhance the offense level of
the underlying offense." *Id.* at 1107. In that case, the relevant con-
duct related to a "jointly undertaken criminal activity" and

included "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." *Id.* We held that "the district court could not enhance the offense level for the Hobbs Act conspiracy, substantive Hobbs Act violations, and carjacking convictions of one appellant based on the fact that a co-appellant brandished or possessed a weapon." *Id.*

Additionally, in interpreting Amendment 599, we have held that the amendment "was promulgated in order to prevent 'double counting' for firearms use in any *one criminal event*. Thus, Amendment 599 allows for weapon enhancements for all robberies except for the one robbery that served as the basis for [the defendant's] § 924(c) conviction." *United States v. Pringle*, 350 F.3d 1172, 1180 (11th Cir. 2003) (emphasis in original). In *Pringle*, we affirmed the district court's denial of Pringle's § 3582(c)(2) motion. *Id.* at 1180–81. In doing, we explained that Pringle only received a weapons enhancement for the robberies that did not serve as predicate offenses for his § 924(c) convictions. Thus, Amendment 599 and *Diaz* did not impact his sentence. *Id.* We also distinguished Pringle's case from that of *Diaz* and explained that, in *Diaz*, we "struck down a five-level weapons enhancement applied to Hobbs Act and carjacking convictions" because the district court enhanced the defendant's sentence based on relevant conduct—his codefendant's possession of a weapon during the commission of the crimes. *Id.* And we explained that, for purposes of Amendment 599, "relevant conduct" includes "reasonably foreseeable acts and omissions of every co-conspirator." *Id.* at 1179 n.10.

Further, in *United States v. Vautier*, 144 F.3d 756 (11th Cir. 1998), we held that, before a district court may reduce a defendant's sentence under § 3582(c)(2) pursuant to a retroactive Sentencing Guidelines amendment, it must address the sentencing factors in § 3553(a) and whether a reduced sentence would be consistent with the Sentencing Commission's policy statements. *Id.* at 759. We explained that § 3582(c)(2) and the Sentencing Guidelines required that the district court take two steps before granting a motion to reduce; first, it must "substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed." *Id.* at 760. Second, the court "must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." *Id.*

Here, we conclude that the district court did not abuse its discretion when it denied Woods's § 3582(c)(2) motion because Amendment 599 did not lower his guidelines range. Woods's conviction for carjacking in Count 1 did not serve as a predicate offense for any of his § 924(c) convictions. Thus, the weapons enhancement applied to Count 1 did not constitute "double counting" under Amendment 599, and Amendment 599 did not reduce Woods's Guidelines range.

We also conclude that Woods's reliance on *Vautier* and his arguments about the § 3553(a) factors are misplaced. Indeed, the district court was not required to move on to the second step—i.e., determining whether to reduce his sentence—after it found that Amendment 599 did not change his guidelines range.

22-13989                Opinion of the Court                11

Accordingly, we affirm the district court's denial of Woods's motion.

**AFFIRMED.**